IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HAL RUDDICK, TIMOTHY THOMAS, FELICIA BRYANT, BARRY CARR, MOSHE DAVIS, and MARSHALL MAUER as Trustees of THE SERVICE EMPLOYEES INTERNATIONAL UNION LOCAL 4 HEALTH & WELFARE FUND, <br><br> and <br><br> HAL RUDDICK, TIMOTHY THOMAS, FLOYD SCHLOSSBERG and MARSHALL MAUER as Trustees of THE SERVICE EMPLOYEES INTERNATIONAL UNION LOCAL 4 PENSION FUND, <br><br> Plaintiffs, <br><br> v. <br><br> FOX RIVER PAVILION, INC., <br><br> Defendant. | FILED: AUGUST 12, 2008 <br> 08CV4569 <br> JUDGE MANNING <br> MAGISTRATE JUDGE COLE <br> NF <br><br> Case No.: <br><br><br> Judge: |

## COMPLAINT

Plaintiffs HAL RUDDICK, TIMOTHY THOMAS, FELICIA BRYANT, BARRY CARR, MOSHE DAVIS and MARSHALL MAUER as Trustees of SERVICE EMPLOYEES INTERNATIONAL UNION LOCAL 4 HEALTH and WELFARE FUND ("Welfare Fund") and HAL RUDDICK, TIMOTHY THOMAS, FLOYD SCHLOSSBERG and MARSHALL MAUER as Trustees of THE SERVICE EMPLOYEES INTERNATIONAL UNION LOCAL 4 PENSION FUND ("Pension Fund") (collectively, "the Funds"), through their attorneys, Dowd, Bloch & Bennett, by way of their complaint against Defendant FOX RIVER PAVILION, INC., state as follows:

## COUNT I

## FAILURE TO PAY EMPLOYEE BENEFIT FUND CONTRIBUTIONS

1.      The Funds are multiemployer benefit plans within the meaning of Sections 3(3) and 3(37) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1002(3) and (37A). The Trustees and the Funds maintain offices and conduct business within this district.

2.      Defendant FOX RIVER PAVILION, INC. (herein "Defendant Company"), is an Illinois corporation that is registered to do business in the State of Illinois. At all relevant times, the Defendant Company was doing business within this District and was an employer within the meaning of ERISA Section 3(5), 29 U.S.C. §1002(5), and Section 101 of the Labor Management Relations Act ("LMRA"), 29 U.S. C. § 152(2).

3.      Jurisdiction and venue are vested in this Court under ERISA Sections 502(e)(1) and (2), 29 U.S.C. §1132(e)(1) and (2), and LMRA Sections 301(a) and (c), 29 U.S.C. §185(a)&(c).

4.      The Service Employees International Union, Local 4 ("SEIU") is a labor organization within the meaning of the LMRA Section 101, 29 U.S.C. § 152(5), that maintains its principal offices in this district.

5.      Effective May 1, 2007, Defendant Company became a party to a Master Agreement between SEIU and the Illinois Association of Health Care Facilities, the most recent of which is effective by its terms from April 20, 2005 through December 31, 2007 but which has extended each month thereafter and continues to be in effect.

6.      Under the terms of the collective bargaining agreement (herein "Agreement"), the

Defendant Company is required to make monthly contributions to the Welfare Fund on behalf of all its full-time employees and on behalf of its part-time employees who elect coverage and are covered by the Agreement.

7. Under the terms of the Agreement, the Defendant Company is required to make monthly contributions to the Pension Fund on behalf of all its full-time employees and part-time employees who are covered by the Agreement.

8. The Agreement also requires the Defendant Company to submit monthly remittance reports in which the Defendant Company, *inter alia,* identifies the employees covered under the Agreement and the amount of contributions remitted to the Funds on behalf of each covered employee.

9. Pursuant to the Funds' respective Trust Agreements and collection procedures, Employers who fail to report and/or remit contributions are liable to pay an additional 10% in liquidated damages to the Funds, which increases to 20% once a lawsuit is filed, as well as all costs of collection, including reasonable audit expenses, attorneys' fees, and court costs.

10. Pursuant to the Agreement and the Welfare Fund's Trust Agreement, Employers failing to make prompt and timely contributions when due in accordance with the Agreement, shall be liable for all claims filed by its employees to the extent of benefits to which the employee would have been entitled if the Employer had made the required timely contribution.

11. Notwithstanding its obligation under the Agreement and the Trust Agreements, the Defendant Company has failed to timely report and pay contributions to the Funds for the period of November 2007 through the present (also referred to as "delinquent period").

12. The Defendant Company has not submitted reports for the period of May 2008

through the present and has remitted partial payments for the delinquent period totaling $18,000.00 to the Welfare Fund and $6,000.00 to the Pension Fund; however, no payments were made for the balance of the remaining contributions due for the delinquent period or the interest, liquidated damages, and attorneys' fees and costs for which it is also liable to pay.

13. Despite further demands being duly made, as of the date of the filing of this Complaint, the Defendant Company has failed to remit all reports and amounts required to be paid to bring the Company current.

14. Since at least November 2007, the Defendant Company has employed employees who performed work covered by the Agreement.

15. All conditions precedent to requiring payment of contributions to the Funds have been met.

16. The Defendant Company's failure to remit contributions to the Funds violates ERISA Section 515, 29 U.S.C. §1145, and LMRA Section 301, 29 U.S.C. §185.

17. Under ERISA Section 502(g)(2), 29 U.S.C. §1132(g)(2), the terms of the Agreement, and the Funds' governing Trust Agreements, the Defendant Company is therefore liable to the Funds for unpaid contributions, interest, liquidated damages in the amount of 20%, audit costs and reasonable attorneys' fees and court costs.

18. The Defendant Company's employees have incurred and had claims submitted to the Welfare Fund during periods in which the Defendant Company failed to remit the required contributions to the Welfare Fund.

19. Pursuant to the Agreement and the Welfare Fund's Trust Agreement, the Defendant liable for these claims and any additional claims that shall be incurred and submitted to the Welfare

Fund for months in which contributions have not been remitted.

20. The Defendant Company's obligations under the collective bargaining agreement and Trust Agreements are continuing, and for each month it continues to be delinquent in the payment of its welfare and/or pension contributions, interest on any unpaid contributions will continue to accrue until payment is made and liquidated damages will be assessed at 20% on all untimely paid contributions.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request a judgment against FOX RIVER PAVILION, INC., as follows:

1. Finding that FOX RIVER PAVILION, INC., violated the Agreement and the terms of the Funds' respective Trust Agreements;

2. Finding that FOX RIVER PAVILION, INC., is liable to the Funds for all delinquent contributions incurred prior to and after the filing of this suit, interest, liquidated damages, and attorneys' fees and court costs for each delinquent month.

3. Finding that FOX RIVER PAVILION, INC., is liable to the Welfare Fund for all claims incurred by its employees and submitted to the Welfare Fund for periods in which contributions were not made as required by the Agreement;

4. Ordering FOX RIVER PAVILION, INC., to pay to Plaintiffs all delinquent contributions, interest, and liquidated damages of 20%.

5. Ordering FOX RIVER PAVILION, INC., to submit complete and accurate work reports for all unreported months.

6. Ordering FOX RIVER PAVILION, INC., to pay to the Welfare Fund all claims paid related to the Defendant Company's employees during periods in which contributions were not paid as required;

7. Ordering FOX RIVER PAVILION, INC., to pay to Plaintiffs all reasonable attorneys' fees and costs incurred prior to and through the

    filing of the Complaint; and

 8. Granting all such other legal and equitable relief as the Court deems just and proper.

              Respectfully submitted,

              /s/ Michele M. Reynolds
              Michele M. Reynolds
              One of Plaintiffs' Attorneys

J. Peter Dowd
Michele M. Reynolds
Steven W. Jados
LaKisha M. Kinsey-Sallis
DOWD, BLOCH & BENNETT
8 S. Michigan Avenue--19th Floor
Chicago, IL 60603
312-372-1361